**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br>           Plaintiff, <br><br> v. <br><br> OFFICE OF THE DIRECTOR OF <br> NATIONAL INTELLIGENCE <br> Washington, DC 20511, <br><br>           Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Office of the Director of National Intelligence to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant Office of the Director of National Intelligence is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered in Washington, DC 20511.

## STATEMENT OF FACTS

5. Pursuant to Section 502 of the *Consolidated Appropriations Act, 2016*, "Not later than 180 days after the date of the enactment of this Act, the Director of National Intelligence shall submit to the appropriate congressional committees an intelligence community assessment on the funding of political parties and nongovernmental organizations in former Soviet states and countries in Europe by the Russian Security Service since January 1, 2016." The Act also requires the intelligence community assessment be submitted in the form of an unclassified report. The act took effect on December 18, 2015.

6. On August 4, 2017, Plaintiff submitted a FOIA request to Defendant seeking the intelligence community assessment required by Section 502 of *the Consolidated Appropriations Act, 2016*.

7. By letter dated August 14, 2017, Defendant acknowledged receiving Plaintiff's FOIA request on August 4, 2017 and informed Plaintiff that it had assigned the request Case Number DF-2017-00354.

8. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to

produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the time limits set by FOIA. Accordingly, Defendant's determination was due on or about September 1, 2017. At a minimum, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's FOIA request, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive

- 4 -

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 5, 2017                             Respectfully submitted,

                                                    */s/ Michael Bekesha*
                                                    Michael Bekesha
                                                    D.C. Bar No. 995749
                                                    JUDICIAL WATCH, INC.
                                                    425 Third Street SW, Suite 800
                                                    Washington, DC 20024
                                                    Phone: (202) 646-5172

                                                    *Counsel for Plaintiff*